**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT OWENSBORO**
**CIVIL ACTION NO. 4:20CV-P36-JHM**

**JIMMIE L. AUSTIN**                                                                                    **PLAINTIFF**

**v.**

**HALL** *et al.*                                                                                       **DEFENDANTS**

<u>**MEMORANDUM OPINION**</u>

Plaintiff Jimmie L. Austin filed the instant *pro se* 42 U.S.C. § 1983 action proceeding *in forma pauperis*. This matter is before the Court upon initial review of the action pursuant to 28 U.S.C. § 1915A. For the reasons stated below, the Court will dismiss the instant action.

**I. SUMMARY OF FACTUAL ALLEGATIONS**

Plaintiff states that he was a pretrial detainee at the Henderson County Detention Center (HCDC) at the time of the events alleged in the complaint. He names the following Defendants: Hall, identified as a manager for Kellwell[1]; Shields, a Kellwell "Refectory Staff"; and Leslie, a corporate manager with Southern Health Partners (SHP). He also sues the following employees of HCDC: Hendricks, a deputy colonel; Frances, a staff nurse; Evans, a deputy sergeant; Ryan, a deputy captain; and McElfresh, a deputy captain. He sues all Defendants in their individual and official capacities.

Plaintiff states that on January 11, 2020, Defendants Hall and Shields served him "infectious food(s) laced with contaminants; inducing sickness and illness to [Plaintiff] and the [HCDC's] residential population. Resauting in injury[.]" Plaintiff further asserts that on January 13 through January 14, 2020, Defendants Hall and Shields served him Gatorade "in an negligent and unlawful atempt to conspire to create an unaproved (FDA) Food and Drug

---

[1] The Court takes judicial notice that Kellwell is an entity which contracts with HCDC to provide food service to inmates.

Administration [(FDA)] anti virus against an unknown plague induced by her negligence and in an extended effort to conspire to circumvent the codes, rules, and regulations of the [FDA]."

Plaintiff further represents that on January 15, 2020, Defendant Leslie and Hendricks "conspire[ed] with" one another "and launch[ed] a full scale (conspiracy) operation involving" Defendants Frances, Evans, and Ryan "to falsify legal and medical documentation in an effort to stage false medical reports, defimating the character of [Plaintiff] in an extended effort to aid and abet an already pre existing full scale conspiracy . . . to cover up a unknown plague or virus intentionally set off by" Defendants Hall and Shields.  He also maintains that Defendants Leslie and Hendricks "den[ied] or depriv[ed] Mr. Jimmie L. Austin of medical attention[.]"

Plaintiff also states that on January 15, 2020, Defendant Frances "stag[ed] an encounter with [Plaintiff] in an effort to manipulate the [HCDC] camera system creating a platform to conspire with" Defendants Leslie, Hendricks, Evans, and Ryan "to falsify legal and medical documentation in an effort to stage false medical reports, defimating the character of [Plaintiff] in an extended effort to aid and abet an already pre existing full scale conspiracy" as alleged above.  He states that Defendant Frances "den[ied] and or depriv[ed] one Mr. Jimmie L. Austin medical attention[.]"

He further asserts that on January 16, 2020, Defendant Evans served him with "falsified and constructed illegal document(s)" as part of the alleged conspiracy he describes.  Plaintiff also states that Defendant Evans "depriv[ed] one Mr. Jimmie L. Austin medical attention[.]"

Plaintiff further states that on January 17, 2020, Defendant Ryan "us[ed] and or manipulate[ed] a legal process that is a disciplinary hearing and induc[ed] a biased and intentional guilty finding to reinforce and put into place a 'fictitious' and false, illegal document(s)[.]"  He continues that Defendant Ryan "conspire[ed] with" Defendants Leslie,

2

Hendricks, Frances, and Evans "to falsify legal and medical documentation in an effort to stage medical reports defimating the character of [Plaintiff] in an extended effort to aid and abet and already pre existing full scale conspiracy" described above.

Plaintiff states that on January 17, 2020, Defendant Ryan "den[ied] one Mr. Jimmie L. Austin medical attention."

Plaintiff asserts that on January 21, 2020, Defendant McElfresh "serv[ed] upon [Plaintiff] a falsified and constructed illegal appeals document(s)" as part of the alleged conspiracy described.  He also states that Defendant McElfresh "den[ied] one Mr. Jimmie L. Austin medical attention."

In regard to all of the above actions, Plaintiff states that Defendants acted in their official capacities and "knowingly, intentionaly, maliciously and with malice violate[d] [Plaintiff's Eighth Amendment, Fourteenth Amendment, Fifth Amendment and First Amendment common law constitutional rights . . . ."

As relief, Plaintiff requests compensatory and punitive damages and injunctive relief.

## II. LEGAL STANDARD

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"

3

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true."  *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).  "But the district court need not accept a 'bare assertion of legal conclusions.'"  *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)).  Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations."  *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

### III. ANALYSIS

#### 1. Official-capacity claims

Plaintiff sues all Defendants in their official capacities.  "Official-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'"  *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)).  Therefore, Plaintiff's official-capacity claims against these Defendants Hendricks, Frances, Evans, Ryan, and McElfresh are construed as brought against their employer, Henderson County.  Plaintiff's official-capacity claims against Defendants Hall and Shields are construed as brought against Kellwell, and his official-capacity claim against Defendant Leslie is construed as brought against SHP.

"[A] municipality cannot be held liable *solely* because it employs a tortfeasor -- or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory."

*Monell*, 436 U.S. at 691.  A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation.  *Id.*  The Sixth Circuit has held that the same analysis that applies to a § 1983 claim against a municipality applies to a § 1983 claim against a private corporation, such as Kellwell or SHP.[2]  *See Street v. Corr. Corp. of Am.*, 102 F.3d 810, 818 (6th Cir. 1996) ("*Monell* involved a municipal corporation, but every circuit to consider the issue has extended the holding to private corporations as well.") (citing *Monell*, 436 U.S. at 691).

Thus, liability of a municipality or a contracted private entity must be based on a policy or custom.  *Street v. Corr. Corp. of Am.*, 102 F.3d at 818; *see also Starcher v. Corr. Med. Sys., Inc.*, 7 F. App'x 459, 465 (6th Cir. 2001).  To state a claim, a plaintiff must "identify the policy, connect the policy to the [municipality or entity] itself and show that the particular injury was incurred because of the execution of that policy."  *Garner v. Memphis Police Dep't*, 8 F.3d 358, 363-64 (6th Cir. 1993) (citing *Coogan v. City of Wixom*, 820 F.2d 170, 176 (6th Cir. 1987), *overruled on other grounds by Frantz v. Vill. of Bradford*, 245 F.3d 869 (6th Cir. 2001)).

In the instant case, Plaintiff alleges no policy or custom on the part of Henderson County, Kellwell, or SHP which caused his alleged injuries.  Accordingly, Plaintiff's official-capacity claims against all Defendants will be dismissed for failure to state a claim upon which relief may be granted.

## 2.  Individual-capacity claims

### A.  Eighth and Fourteenth Amendment claims

While the Eighth Amendment provides a convicted inmate the right to be free from cruel and unusual punishment, the Due Process Clause of the Fourteenth Amendment provides the

---

[2] "It is clear that a private entity which contracts with the state to perform a traditional state function such as providing medical services to prison inmates may be sued under § 1983 as one acting 'under color of state law.'" *Hicks v. Frey*, 992 F.2d 1450, 1458 (6th Cir. 1993) (quoting *West v. Atkins*, 487 U.S. 42, 54 (1988)).

same protections to pretrial detainees. *Richmond v. Huq*, 885 F.3d 928, 937 (6th Cir. 2018)

(citing *Richko v. Wayne Cty.*, 819 F. 3d 907, 915 (6th Cir. 2016)).   Because Plaintiff was a

pretrial detainee at the time of the alleged events, the Fourteenth Amendment applies to his

claims, and his Eight Amendment claims will be dismissed for failure to state claim.[3]

### i.   Food poisoning

Plaintiff alleges that on January 11, 2020, Defendant Hall and Shields served him food

which made him sick.   "A single incident of food poisoning . . . does not constitute a violation of

the constitutional rights of the prisoner affected."   *Green v. Atkinson*, 623 F.3d 278, 281 (5th Cir.

2010) (footnote omitted)); *see also Boone v. McClaren*, No. 2:16-cv-271, 2017 U.S. Dist. LEXIS

109998, at *12 (W.D. Mich. July 17, 2017) (finding that "even if Plaintiff became ill on one

occasion, such an allegation does not constitute the sort of serious deprivation that rises to the

level of an Eighth Amendment violation"); *Wilson v. Byrd*, No. 15-00160-KD-N, 2016 U.S. Dist.

LEXIS 51667, at *18 (S.D. Ala. Mar. 14, 2016) ("Taking Plaintiff's allegation as true, that he

became ill from tainted food served at Holman on December 26, 2013, [it] does not, alone,

amount to a constitutional deprivation."); *Wiley v. Dep't of Corr.*, No. 11-97-HRW, 2012 U.S.

Dist. LEXIS 166385, at *22-23 (E.D. Ky. Nov. 21, 2012) (holding that one incident of

discovering a dead rat in soup was not actionable); *Bennett v. Misner*, No. 02-1662-HA, 2004

---

[3] "The Sixth Circuit has historically analyzed Fourteenth Amendment pretrial detainee claims and Eighth Amendment prisoner claims 'under the same rubric.'"   *Id.* (quoting *Villegas v. Metro Gov't of Nashville*, 709 F.3d 563, 568 (6th Cir. 2013)).   At this time, the Sixth Circuit has recognized only one explicit exception to the general rule that rights under the Eighth Amendment are analogous to rights under the Fourteenth Amendment.   The exception applies only to excessive-force claims brought by pretrial detainees.   *Id.* at 938 n.3 (noting that *Kingsley v. Hendrickson*, 135 S. Ct. 2466 (2015), abrogated the subjective intent requirement for Fourteenth Amendment excessive-force claims and that the standard which governs claims by pretrial detainees may be shifting, but declining to apply the *Kingsley* standard to a claim of deliberate indifference to a serious medical need brought by a pretrial detainee); *see also Cameron v. Bouchard*, No. 20-1469, __ F. App'x __, 2020 U.S. App. LEXIS 21480, at *12 (6th Cir. July 9, 2020) (again declining to resolve issue of whether the Fourteenth Amendment's standard applies to a deliberate-indifference-to-medical-needs claim); *Walker v. Miller*, No. 18-3209, 2018 U.S. App. LEXIS 29348, at *3 (6th Cir. Oct. 17, 2018) (continuing to apply the traditional standard to a deliberate-indifference claim brought by a pretrial detainee).

U.S. Dist. LEXIS 19568, at *63 (D. Or. Sept. 17, 2004) ("Neither isolated instances of food

poisoning, temporary lapses in sanitary food service, nor service of meals contaminated with

maggots are sufficiently serious to constitute an Eighth Amendment violation.").

Therefore, Plaintiff's claims based on the alleged incident of food poisoning must be

dismissed for failure to state a claim upon which relief may be granted.

### ii. Denial of medical care

Plaintiff also alleges that Defendants denied him medical attention for food poisoning.  In

order to state a claim of deliberate indifference to serious medical needs under the Eighth

Amendment/Fourteenth Amendment, an inmate must allege both an objective and a subjective

component.  The objective component requires the existence of a sufficiently serious medical

need.  *Turner v. City of Taylor*, 412 F.3d 629, 646 (6th Cir. 2005).  To satisfy the subjective

component, the defendant must possess a "sufficiently culpable state of mind," rising above

negligence or even gross negligence and being "tantamount to intent to punish."  *Horn by Parks*

*v. Madison Cty. Fiscal Court*, 22 F.3d 653, 660 (6th Cir. 1994).

Upon review, the Court finds that the complaint fails to satisfy the objective component

of a deliberate-indifference claim.  Plaintiff alleges that the food poisoning induced "sickness

and illness" and that he was denied "medical attention."  However, he does not describe his

condition, such as what symptoms he experienced, their length of time, or what medical

treatment he believes he required.  Upon review, the Court find that Plaintiff's allegations are

vague and lacking in "'factual enhancement'" to allege the existence of a sufficiently serious

medical need.  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).  Plaintiff's

allegations are simply too vague to state a deliberate-indifference claim.  *See Pugliese v. Parker*,

No. 18-1189-JDT-cgc, 2019 U.S. Dist. LEXIS 98340, at *11 (W.D. Tenn. Jun. 12, 2019)

(dismissing deliberate-indifference claim because the plaintiff "did not state what [the defendant] specifically did, or failed to do, that allegedly constitute[d] deliberate indifference to his medical needs") (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Therefore, Plaintiff's claim alleging denial of medical treatment fails to state a constitutional violation, and the claim must be dismissed for failure to state a claim upon which relief may be granted.

### iii.  Conspiracy to deny rights

Plaintiff also alleges that Defendants engaged in a conspiracy, "falsified and constructed illegal document(s)," and "us[ed] and or manipulate[ed] a legal process that is a disciplinary hearing and induc[ed] a biased and intentional guilty finding to reinforce and put into place a 'fictitious' and false, illegal document(s)[.]"

To state a claim of conspiracy under § 1983, a plaintiff must show that there was a single plan, that the coconspirators shared in the objective of the conspiracy, violating the plaintiff's constitutional rights, and that an overt act was committed in furtherance of the conspiracy. *Hooks v. Hooks*, 771 F.2d 935, 943-44 (6th Cir. 1985).  A plaintiff must plead a conspiracy with particularity, as vague and conclusory allegations unsupported by material facts are insufficient. *Twombly*, 550 U.S. at 566 (recognizing that allegations of conspiracy must be supported by allegations of fact that support a "plausible suggestion of conspiracy"); *Robertson v. Lucas*, 753 F.3d 606, 622 (6th Cir. 2014) (indicating that "'[i]t is well-settled that conspiracy claims must be pled with some degree of specificity and that vague and conclusory allegations unsupported by material facts will not be sufficient to state such a claim under § 1983'") (quoting *Gutierrez v. Lynch*, 826 F.2d 1534, 1538 (6th Cir. 1987)).

Upon review, other than broadly stating that all eight Defendants were involved in a conspiracy against him, Plaintiff provides no facts to indicate that Defendants engaged in a single plan to violate his rights.  Plaintiff's allegations of a conspiracy are vague and conclusory and contain no material facts to support a plausible conspiracy claim.

Moreover, to the extent that Plaintiff is asserting a denial of due process, the Fourteenth Amendment prohibits any State from depriving "any person life, liberty, or property, without due process of law."  U.S. Const. amend. XIV, § 1.  "Prisoners claiming a due process violation under the Fourteenth Amendment must demonstrate that they have been deprived of a protected liberty or property interest by arbitrary governmental action."  *Williams v. Bass*, 63 F.3d 483, 485 (6th Cir. 1995).  The first inquiry in a Fourteenth Amendment due process claim is whether the interest at stake is within the Fourteenth Amendment's protection.  *Arnett v. Myers*, 281 F.3d 552, 564 (6th Cir. 2002); *see also Wilkinson v. Austin*, 545 U.S. 209, 221 (2005) ("The Fourteenth Amendment's Due Process Clause protects persons against deprivations of life, liberty, or property; and those who seek to invoke its procedural protection must establish that one of these interests is at stake.").

Once again, upon review, Plaintiff's allegations that Defendants falsified documents and manipulated a disciplinary hearing are overly broad and fail to provide the required factual enhancement to support a claim.  Plaintiff does not even provide the outcome of the disciplinary hearing or what disciplinary action may have taken against him.  *See Hall v. United States*, 704 F.2d 246, 251 (6th Cir. 1983) (finding that bare and conclusory allegations that a defendant personally deprived a plaintiff of constitutional or statutory rights are insufficient to state a cognizable claim).

Therefore, Plaintiff's conspiracy and due process claim will be dismissed for failure to state a claim upon which relief may be granted.

**B.  First and Fifth Amendment claims**

Plaintiff also alleges violations of the First and Fifth Amendments.  However, he fails to explain how either amendment applies to his claims.  Based on the facts alleged by Plaintiff, the Court does not find that Plaintiff has a cognizable First or Fifth Amendment claim against Defendants.  Specifically, the Court notes that to the extent Plaintiff is attempting to rely on the Due Process Clause of the Fifth Amendment, it circumscribes only the actions of the federal government.  *See, e.g.*, *Sturgell v. Creasy*, 640 F.2d 843, 850 (6th Cir. 1981); *Walker v. Hughes*, 558 F.2d 1247, 1257 (6th Cir. 1977).  Here, the actions of federal officials are not at issue.

Accordingly, Plaintiff's First and Fifth Amendment claims will be dismissed for failure to state a claim upon which relief may be granted.

**3.  State-law claims**

To the extent that Plaintiff alleges negligence, defamation, or other state-law claims, having determined that the federal claims, which provide the jurisdictional basis of this suit, should be dismissed, this Court declines to exercise supplemental jurisdiction over any remaining state-law claims.  *See* 28 U.S.C. § 1367(c)(3); *see also United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966).  The state-law claims will be dismissed without prejudice.

**IV.  CONCLUSION**

For the reasons stated herein, the Court will dismiss the action by separate Order.

Date:    July 31, 2020

*Joseph H. McKinley Jr.*

Joseph H. McKinley Jr., Senior Judge

United States District Court

cc:    Plaintiff, *pro se*
       Defendants
4414.010

10